UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED MOHAMMAD ELGHEMBRI,<br>    Plaintiff,<br>    v.<br>WHITE, et al.,<br>    Defendants. | Case No. 24-cv-02773-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Ahmed Mohamed Elghembri alleges that prison mental health staff failed to provide him with adequate mental health care, thereby violating his Eighth Amendment rights. His first amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

This federal civil rights action is DISMISSED for failure to state a claim for relief. He fails to identify by name the prison psychiatrist who failed to meet with him during his distress, and his allegations against that psychiatrist fail to show more than a possibility that the defendant acted unlawfully. And his allegations against his assigned psychologist, Dr. White, are conclusory, lacking any specific details about what treatment he feels he should have received and what treatment White did and did not provide.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
2   upon which relief may be granted or seek monetary relief from a defendant who is immune
3   from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
4   *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5         A "complaint must contain sufficient factual matter, accepted as true, to 'state a
6   claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
7   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
8   plausibility when the plaintiff pleads factual content that allows the court to draw the
9   reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
10  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal
11  conclusions cast in the form of factual allegations if those conclusions cannot reasonably
12  be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
13  (9th Cir. 1994).

14        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
15  elements:  (1) that a right secured by the Constitution or laws of the United States was
16  violated, and (2) that the alleged violation was committed by a person acting under the
17  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

18  **B.   Legal Claims**
19      **1.   Original Complaint**

20        In his original complaint, Elghembri alleged that he suffered from mental health
21  distress during his time at San Quentin State Prison because unnamed inmates and staff
22  frequently yelled obscenities at him.  (Compl., Dkt. No. 1 at 6-9.)  He alleged that on
23  November 18, 2024 he met with "the Chief Psychiatrist" about his distress, but the
24  psychiatrist failed to "take reports" on the persons yelling at him and "did not provide the
25  mental need to plaintiff."  (*Id.* at 9-10.)

26        I found this insufficient to state any claim for relief.  Psychiatric staff are not
27  responsible for compiling reports on the inmates and staff who allegedly harassed
28  Elghembri.  Complaints about inmates and staff should be made to correctional staff.

1  Also, Elghembri did not state what mental treatment he required or requested and what
2  treatment mental health staff allegedly denied him.  I instructed him to provide in his
3  amended complaint "specific details regarding what treatment he sought and what the
4  doctor's response was." (Order Dismissing Complaint, Dkt. No. 6 at 3.)

5  I also instructed him to name "the Chief Psychiatrist," and to name only those
6  defendants who were directly involved in his treatment because a supervisor cannot be
7  held responsible unless he participated in or directed the violations, or knew of the
8  violations and failed to act to prevent them.  (*Id.*)

### 2. First Amended Complaint

Elghembri's first amended complaint fails to state any claim for relief.  He alleges that an unnamed psychiatrist failed to ever see him during his five years at San Quentin. (First Am. Compl., Dkt. No. 13 at 14.)  This is insufficient.  A complaint cannot be served against an unnamed defendant.

As described below, Elghembri did see a prison psychologist, who provided treatment.  Elghembri has not stated any specific facts indicating what treatment a psychiatrist could have provided that a psychologist could not.  Nor has he stated facts showing that the psychiatrist's failure to see him was based on deliberate indifference, rather than the fact that Elghembri was already seeing a psychologist and had no need of the psychiatrist's services.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Federal pleading standards demand factual assertions that show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Elghembri also sues his assigned psychologist, Dr. White.  He states that White "provide[d] and determine[d] the care professionally to be currently mently [*sic*] and clinically neccessary [*sic*] for the plaintiff," but does not state what this treatment was or how it was allegedly deficient.  (*Id.* at 19.)  Elghembri fails to provide any specific details regarding White's treatment.  He says only that he "was in need of better services treatment fearing his mental safety [*sic*]"; that the treatment was "so inadequate"; and that

1 White did not make "an effort to reduce plaintiff [*sic*] mental illness." (*Id.* at 20, 21, and 28.)

Elghembri has not complied with my instructions to provide specific details regarding his treatment. He has failed to state any claim for relief. His allegations against unnamed supervisors are conclusory and fail to meet federal pleading standards. The federal pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## CONCLUSION

This federal civil rights action is DISMISSED (without prejudice) for failure to state a claim for relief. If Elghembri believes that he can provide the necessary information and level of detail required to meet federal pleading standards, he may file a motion to reopen and an amended complaint. Any such motion to reopen must have the words MOTION TO REOPEN written on the first page and be accompanied by a complaint on this Court's form that corrects the deficiencies described in this and the prior Orders.

The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 6, 2025



WILLIAM H. ORRICK
United States District Judge